UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NATHAN H. DALTON, | ) | Case No. 3:09 CV 01863 |
| | ) | |
| Petitioner, | ) | Judge Lesley Wells |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| STUART HUDSON, WARDEN, | ) | (Docket #1 and #9) |
| | ) | |
| Respondent. | ) | Magistrate Judge James S. Gallas |
| | ) | |

Petitioner, Nathan H. Dalton, was indicted in the William County Court of Common Pleas on one count of Operating a Vehicle Under the Influence of Alcohol or Drug of Abuse, with a previous offense specification for five or more equivalent offenses. (Docket #8, Exhibit 1). Mr. Dalton pled guilty and in an entry dated July 2, 2007, the court sentenced Mr. Dalton per the terms of an "agreed sentence recommendation of the parties" to two years imprisonment for the indicted charge and an additional consecutive two years for the specification. (*Id.* , Exhibit 3). Mr. Dalton did not appeal his conviction and sentence to the Ohio Sixth District Court of Appeals ("Appellate Court") by August 1, 2007.

On September 24, 2007, Mr. Dalton filed a pro se petition for post-conviction relief with the trial court. In his petition, Mr. Dalton claimed that his trial counsel was ineffective "because he induced his client to plea guilty to a charge he was innocent of [sic]." (*Id.*, Exhibit 4). Mr. Dalton further alleged that trial counsel "failed to prepare an adequate defense[,]" and promised him that "if he entered a guilty plea, he would receive judicial release in two (2) years." *Id.* Mr. Dalton finally alleged that the trial court erred "by finding him guilty without any evidence of him being

intoxicated." *Id.* The State filed an answer and both parties filed motions for summary judgment and briefs in opposition. (*Id.*, Exhibits 5-8). On December 31, 2007, the trial court denied Mr. Dalton's motion, granted the State's motion, and dismissed the petition for post-conviction relief. (*Id.*, Exhibit 9).

On February 1, 2008, Mr. Dalton filed a pro se notice of appeal [1] with the Appellate Court. On May 12, 2008, the Appellate Court, sua sponte dismissed Mr. Dalton's appeal due to his "failure to file assignments of error and brief." (*Id.*, Exhibits 12 and 13).

On July 24, 2008, Mr. Dalton filed a notice of appeal of the Appellate Court's May 12, 2008 decision and a Motion for Delayed Appeal with the Supreme Court of Ohio (*Id.*, Exhibit 14). On September 10, 2008, the Supreme Court denied Mr. Dalton's motion and dismissed his appeal. (*Id.*, Exhibit 15).

On July 2, 2009, Mr. Dalton filed a motion for judicial release alleging that he was entitled to such relief because he had "served his manditory [sic] time as of September 28, 2009." (*Id.*, Exhibit 19). The trial court denied Mr. Dalton's motion because he "was ordered to serve a period of four (4) years imprisonment[.]" (*Id.*, Exhibit 21).

Mr. Dalton, pro se, filed the instant petition [2] on August 10, 2009, under 28 U.S.C. §2254, and presents two grounds for relief::

---

[1] Prior to this notice of appeal, Mr. Dalton moved the trial court for an extension of time to appeal. (Docket #8 at Exhibit 11). The trial court denied Mr. Dalton's motion because it lacked jurisdiction to grant such extension.

[2] Mr. Dalton also filed a Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus with the trial court, which was dismissed for lack of jurisdiction. (Docket #8, Exhibit 17).

> **Ground for Relief No. 1**: Plaintiff[']s counsel failed to prepare a proper defense for his client and also operated under a Conflict of Interest[,] a violation of Plaintiff[']s [under the ] 6th Amend., U.S. Const., §10thAmend., [and] Ohio Const. (Docket #1 at 17).
>
> **Ground for Relief No. 2**: [T]he State[']s pursuit of a factually unsupported theory of the case violate a Plaintiff[']s right to Due Process of law [in violation of the] 5th & 14th Amend., U.S. Const., §16, I, Ohio Const. (*Id.* at 19).

Respondent answered opposing the petition (Docket #8) and Mr. Dalton filed a traverse. (Docket #11). Mr. Dalton has also filed a motion for appointment of counsel (Docket #9).

## I. *LAW AND ANALYSIS*

In his Return of Writ, Respondent claims that Mr. "Dalton's petition was not timely filed under the one-year statute of limitations of 28 USC Section 2244(d)." (Docket #8 at 7). Respondent argues that the statute of limitations began to run on August 1, 2007, 30 days after he was sentenced (upon expiration of the time for seeking direct review). *Id.* Respondent acknowledges that the time was tolled from September 24, 2007, through June 25, 2008, while the trial court considered and denied Mr. Dalton's post conviction petition and for 45 days thereafter during which time Mr. Dalton could have appealed the trial court's decision. (*Id.* at 9). The clock began to run again from June 26, 2008, to July 24, 2008, but was tolled again on July 25, 2008, while the Ohio Supreme Court considered and then denied Mr. Dalton's motion for delayed appeal on September 10, 2008.[3] *Id.* Hence, Respondent states, on September 11 "with 82 days expired," the clock started running again

[3] Respondent correctly notes that Mr. Dalton is not able to benefit from the usual 90-day tolling period "during which a petitioner may file an appeal to the United States Supreme Court" based on *Lawrence v. Florida*, 549 U.S. 327 (2007) (holding that the one-year statute of limitations is not tolled during the pendency of petition for certiorari to the United States Supreme Court which seeks a review of denial of state post-conviction relief). (Docket #8 at 8 - 9)

and 282 days later, the statute of limitations expired on June 19, 2009. Mr. Dalton did not file the instant petition until August 4, 2009 at the earliest. [4]

Mr. Dalton states that his petition was timely because the clock did not start to run until the Ohio Supreme Court's order denying his motion for delayed appeal, or on September 10, 2008, and his petition was filed within one year of that date. (Docket #11 at 2).

"Under federal law, habeas corpus petitions must be filed within a one-year limitations period established by 28 U.S.C. § 2244(d)." *Waldron v. Jackson*, 348 F.Supp.2d 877, 882 (N.D. Ohio) (Wells, J.). 28 U.S.C. §2244(d)(1) states:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or,
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[4] Mr. Dalton signed his petition on August 4, 2009, and filed same on August 10, 2009. (Docket #1). In his traverse, Mr. Dalton states that he "filed" his petition on August 4, 2009. (Docket #11 at 7).

"This one-year period does not include time during which a properly filed application for post-conviction or other collateral review is pending in the state courts." *Waldron,* 348 F.Supp. at 382, *citing* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 216-17 (2002). Mr. Dalton takes the position that the time clock did not start to run until after the Ohio Supreme Court denied his motion for delayed appeal of the trial court's denial of Mr. Dalton's petition for post-conviction relief. However, a petitioner is only entitled to tolling of the one-year limitations period during such time period that a motion for collateral review is pending. *See* 28 U .S.C. § 2244(d)(2); *see also Bronaugh v. Ohio*, 235 F.3d 280, 285 n. 7 (6th Cir.2000) (holding that tolling only permitted while state petition for post-conviction relief is pending). "A delayed appeal to the Ohio Supreme Court is not part of a petitioner's direct appeal but instead is considered post-conviction or collateral relief which tolls the statute of limitations only for as long as the delayed appeal is before the court." *Waldron, supra* at 882, *citing Searcy v. Carter*, 246 F.3d 515, 518-19 (6th Cir.2001).

Based on the foregoing, Mr. Dalton's judgment became final at the conclusion of the direct review period, or August 1, 2007, 30 days after judgment was entered. Without the benefit of tolling, Mr. Dalton was required to file his petition by August 1, 2008. However, the statute of limitations was tolled for 275 days while Mr. Dalton's petition for post-conviction relief was pending, decided, and appealed and for 47 days while Mr. Dalton's motion for delayed appeal was considered and dismissed. Thus, the statute of limitations expired on June 18, 2009, 47 days before the earliest date Mr. Dalton's petition could be considered as filed. Accordingly, Mr. Dalton's petition was untimely.

Th Court next considers the applicability of Section 2244(d)(1)(B), which states that the statute of limitations does not begin to run until at least:


> the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action.

Mr. Dalton asserts that he was in jail from June 1, 2007, until August 18, 2007, and, therefore, "unable to access to legal help" to file a direct appeal. (Docket #11 at 2). Mr. Dalton does not assert that the State denied him access to legal assistance, prevented him from meeting with an attorney, or denied him access to resources that would have enabled him to appeal. It is true that ineffective assistance of counsel in certain circumstances can be construed as a state-created impediment. *Winkfield v. Bagley*, 66 Fed.Appx. 578, at *4 (6th Cir. 2003). *See also Murray v. Carrier*, 477 U.S. 478, 489 (1986). However, Mr. Dalton's ineffective assistance of counsel claim relates only to conduct up to and including Mr. Dalton's plea and subsequent sentence and does not relate to his appellate rights. Mr. Dalton does not allege that legal counsel hindered or prevented him from filing an appeal. *See Waldron*, 348 F.Supp. at 884-86. Finally, equitable tolling can be appropriate because AEDPA's one-year statute of limitations is not a jurisdictional pre-requisite. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), *citing Dunlap v. U.S.*, 250 F.3d 1001, 1007 (6th Cir. 2001). However, Mr. Dalton does not ask that the statute be equitably tolled. He is further "not entitled to equitable tolling because he has not presented any argument suggesting he is entitled to such tolling and there is no facially apparent reason to apply equitable tolling in this matter." *DeDonno v. Hurley*, 2008 WL 2048205 at *6 (N.D. Ohio) (Wells, J.). As noted in *DeDonno*, "[the] petitioner bears the * * * burden of persuading the court that he or she is entitled to equitable tolling." *Id., citing Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). Mr. Dalton's petition should be dismissed because the statute of limitations has expired.

## II. *MOTION FOR APPOINTMENT OF COUNSEL*

Indigent habeas petitioners do not have a constitutional right to a court-appointed attorney. *Murray v. Giarratano*, 492 U.S. 1 (1989); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir.2002). "Habeas corpus is an extraordinary remedy for unusual cases." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.1986); *Thirkield v. Pitcher*, 199 F.Supp.2d 637, 653 (E .D.Mich.2002). "The appointment of counsel is within the discretion of the Court and required only if, given the difficulty of the case and petitioner's ability: (1) the petition could not obtain justice without an attorney; (2) he could not obtain a lawyer on his own; and (3) he would have a reasonable chance of winning with the assistance of counsel." *Sheperd v. Ohio*, 2007 WL 1431898 at *1 (N.D. Ohio)(Wells, J.), *citing Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir.1986). A petition must further establish "that he was indigent and that exceptional circumstances were present such that a denial of counsel was likely to result in fundamental unfairness impinging on his due process rights." *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir.1991).

The Court need only appoint an attorney if an evidentiary hearing is necessary or if the interest of justice so requires. 18 U.S.C. § 3006A(a)(2); Rule 8(c), Rules Governing Section 2254 Cases. In making such determination, the Court shall consider:

> In deciding whether to appoint counsel ... the district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir.1986); *Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir.1986). *See also Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987) (applying these factors to habeas cases).

Mr. Dalton states that he is entitled to counsel because: (1) he is a layman; (2) he would have a much better chance of proving his claims; and (3) both of his appeals before the state court were dismissed. (Docket #9 at 2).

Even if Mr. Dalton's claims had "substance," the Court would also be required to "find the issues presented and the procedural posture of the case to be complex." *Shepherd, supra* at *2, *citing Pennsylvania v. Finley*, 481 U.S. 551, 557 (1981). The Court has reviewed Mr. Collins's petition and determined that his ground for relief are not sufficiently complex to warrant an evidentiary hearing or the appointment of counsel. *See Douglas v. Maxwell*, 357 F.2d 320, 321 (6th Cir. 1966); 18 U.S.C. 3006A(a)(2); *Shepherd, supra, citing Hodge*, 802 F.2d at 61.

III. ***CONCLUSION AND RECOMMENDATION***

Following review of the arguments raised in the petition and applicable law, it is recommended that the petition be found untimely filed and therefore, dismissed. (Docket #1) It is further recommended that petitioner's motion for appointment of counsel (Docket #9) be denied.

/s/James S. Gallas

United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: July 30, 2010