IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

NATHAN H. DALTON, : CASE NO. 3:09 CV 1863

                Petitioner, :

                          : OPINION AND ORDER DECLINING TO
-vs- : ISSUE A CERTIFICATE OF
                          : APPEALABILITY

STUART HUDSON, WARDEN, :

                Respondent. :

---

## UNITED STATES DISTRICT JUDGE LESLEY WELLS

Petitioner Nathan Dalton ("Dalton" or "petitioner") filed a petition for a writ of habeas corpus raising two claims for relief. (Doc. 1). United States Magistrate Judge James Gallas submitted a Report and Recommendation ("R&R") proposing denial of the petition, in that all grounds asserted were procedurally defaulted. (Doc. 12). This Court issued an Opinion and Order reviewing the grounds presented in the R&R for denying Mr. Dalton's petition, adopting the R&R, and dismissing the habeas petition. (Doc. 13). Petitioner now seeks a certificate of appealability ("COA"). (Doc. 14).

An appeal from a district court's denial of a petition for a writ of habeas corpus may not be taken unless a certificate of appealability is issued either by a circuit court or district court judge. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). The court must either issue a certificate of appealability indicating which issues satisfy the required

showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); In re Certificates of Appealability, 106 F.3d 1306, 1307 (6th Cir.1997). A district court is to set forth, in its order, all of the issues that the petitioner raised in the habeas petition and identify those issues, if any, that the district court is certifying for appeal. In re Certificates of Appealability, 106 F.3d at 1307.

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. Murphy v. Ohio. 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. Id. at 467. Each issue must be considered under the standards set forth by the Supreme Court in Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Murphy, 263 F.3d at 467. Consequently, this Court examines petitioner's claims pursuant to the Slack standard.

Under Slack, 529 U.S. at 484, 120 S.Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Mr. Dalton's petition was untimely filed and he has demonstrated no reasonable recourse to tolling. For the foregoing reasons, the Court finds that reasonable jurists could not find that this Court's dismissal of petitioner's claim was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability.

In sum, the Court finds that jurists of reason would not find the Court's assessment of petitioner's claims for habeas corpus relief to be debatable or wrong.

2

Slack v. McDaniel, 529 U.S. 483, 484 (2000). Therefore, petitioner has failed to show that he is entitled to a certificate of appealability. Accordingly, the court declines to issue a certificate of appealability.

IT IS SO ORDERED.

/s/ Lesley Wells
UNITED STATES DISTRICT JUDGE